IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

CARL DUANE WILLIAMS,                          )
                                              )
                Plaintiff,                    )
                                              )
        v.                                    )        CV 319-075
                                              )
WARDEN TOMMY BOWEN; SHERRYL                   )
BLAIR; C.O. II CONEY; and LIEUTENANT          )
JOHNSON,                                      )
                                              )
                Defendants.                   )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Dodge State Prison ("DSP") in Chester, Georgia, brought the

above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma*

*pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips

v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736

(11th Cir. 2006) (*per curiam*).

I.      **SCREENING OF THE COMPLAINT**

        A.      **BACKGROUND**

        Plaintiff names as Defendants:  (1) Warden Tommy Bowen; (2) Sherryl Blair, Deputy

Warden of Administration; (3) C.O. II Coney; and (4) Lieutenant Johnson. (Doc. no. 1, pp. 1-3.)

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present

screening, the facts are as follows.

        On March 15, 2019, Plaintiff was eating his evening meal in the cafeteria at DSP. (Id. at

4-5.)  While Plaintiff was eating, Defendants Blair, Coney, and Johnson harassed Plaintiff in an

attempt to have Plaintiff throw away his meal. (Id. at 5.) Defendants Blair, Coney, and Johnson also threatened to spray Plaintiff with an unknown substance. (Id.) Defendants Blair, Coney, and Johnson did not care for Plaintiff's health, and their harassment forced Plaintiff to leave. (Id.) For relief, Plaintiff requests injunctive relief and unstated compensatory damages. (Id.)

**B. DISCUSSION**

**1. Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the

defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Warden Tommy Bowen

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff alleges no facts regarding Warden Tommy Bowen. Therefore, Plaintiff fails to state a claim against Warden Tommy Bowen.

### 3. Plaintiff Fails to State a Claim Based on Allegations of Insults and Threats by Defendants

Plaintiff attempts to bring Eighth Amendment claims against Defendants Blair, Coney, and Johnson for using insulting and threatening language against him to finish eating his meal.

(Doc. no. 1, p. 5.) However, mere "allegations of verbal abuse and threats by prison officers" are not sufficient to state an Eighth Amendment claim. Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (dismissing plaintiff's Eighth Amendment claim because "verbal abuse alone is insufficient to state a constitutional claim") (citing Edwards v. Gilbert, 867 F.3d 1271, 1274 n.1 (11th Cir. 1989)). Additionally, "derogatory, demeaning, profane, threatening, or abusive comments made by an officer to an inmate, no matter how repugnant or professional, do not rise to the level of a constitutional violation." Leonard v. Scott, No. 17-14248-CIV-ROSENBERG, 2017 WL 8772149, at *9 (S.D. Fla. Oct. 6, 2017). Accordingly, fails to state an Eighth Amendment claim against these Defendants Blair, Coney, and Johnson for their insulting and threatening language.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 1st day of November, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA